**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELIZABETH LETOURNEAU, Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO. 12-01632 |
| NAVY GATEWAY INNS & SUITES AND JEANETTE HUDSON-GRAY, Defendants | ) | |

**AFFIDAVIT OF ANTHONY T. CALANDRA**

1. I am Anthony T. Calandra, the Commander of Joint Base Anacostia-Bolling ("JBAB") located in Washington, DC.

2. I am a Captain (O-6) in the United States Navy and have been the Commander of JBAB since April 28, 2011.

3. I am providing this affidavit based on information obtained during performance of my official duties.

4. As the base Commander I am responsible for the health, safety and welfare of the approximately 17,500 residents and employees that live and work on JBAB.

5. In accordance with Navy regulations and federal law, I have the authority to bar individuals from the base that I deem are detrimental to good order and discipline or otherwise threaten the health, safety or welfare of the installation, its employees or its residents.

6. Part of my responsibility as the base Commander also includes the efficient, equitable, safe and secure operation of our Morale, Welfare and Recreation ("MWR") facilities.

7. The Navy Gateway Inns & Suites ("NGIS") on JBAB is one of the many entities that make up our overall MWR program on the base.

8. Use of MWR facilities is a privilege of service members and their lawful dependants, not a right.

9. Elizabeth Letourneau checked into the JBAB NGIS on June 29, 2012.

10. On August 23, 2012 Ms. Letourneau was involved in a mutual assault incident with another guest of the NGIS in the NGIS laundry room. Base police responded and filed a subsequent report about the incident.

11. Ms. Letourneau and the other woman involved in the incident were transported to District of Columbia Metropolitan Police Department ("DC MPD") for further processing. I do not know if DC authorities charged either suspect.

12. As a result of the August 23rd incident and the fact she had far exceeded the duration of stay permitted for space available guests, Ms. Letourneau was advised by NGIS management on August 27, 2012 that she had lost her privileges at the NGIS and was required to vacate her room. After speaking with Ms. Letourneau NGIS management permitted her to leave her belongings in the room until September 10, 2012.

13. Ms. Letourneau failed to vacate her room on September 10th and appealed to me in-person on September 13, 2012.

14. Ms. Letourneau initially presented herself as an active duty Army soldier, but later clarified that she was married to an Army soldier, but was not sure of his whereabouts.

15. A subsequent statement from Ms. Letourneau's husband, Army Corporal Micah Lavigne, revealed that the couple was estranged and after their marriage Corporal Lavigne learned Ms. Letourneau was married to another man at the time of their marriage. Based on this, Corporal Lavigne is in the process of divorcing Ms. Letourneau.

16. After our meeting I emailed Ms. Letourneau and granted her an additional 3 days (until September 16th) to find an alternate living arrangement, remove her belongings from the NGIS and vacate the premises. I drafted a letter to the same effect. See Attachment 1.

17. On September 15, 2012 Ms. Letourneau was stopped at the front gate while driving a motor vehicle with a suspended driver's license in violation of Department of Defense and base regulations. DC MPD responded, but failed to issue a citation or take other action because they did not personally see her driving.

18. On September 16, 2012 Ms. Letourneau failed to remove her belongings and vacate the NGIS as ordered. She was escorted off the installation by base police at my direction.

19. Based on the incident at the NGIS laundry facility, her repeated failure to follow my orders to vacate the premises and her attempt to operate a motor on the base with a suspended license, I permanently barred Ms. Letourneau from the base on September 20, 2012. I deem her conduct to be detrimental to good order and discipline and a threat to the health, safety and welfare of this installation as well as its residents and employees. See Attachment 2.

20. Ms. Letourneau was afforded an opportunity to retrieve her belongings from the NGIS prior to being escorted off the base on September 16, 2012. She declined to do so at the time and her items were left as is in her room in hopes that she would contact us and make arrangements to retrieve them. She never did.

21. On September 25, 2012 Ms. Letourneau had still failed to contact us to retrieve her belongings and we were forced to clear out the room she had been renting at the NGIS. Perishable items were discarded and security personnel inventoried the remainder of her personal effects. These items have been securely stored since that time.

22. Since Ms. Letourneau was escorted off the base on September 16th, her belongings have been available for pick up. At no time was she ever told that she could not have her possessions returned. My staff has been attempting to coordinate a time and date for her to collect her belongings at the base visitor center, but Ms. Letourneau has thus far failed to cooperate.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my information, knowledge and belief.

4 OCT 2012

Anthony T. Calandra Date

# Calandra: Attachment 1

**DEPARTMENT OF THE NAVY**
JOINT BASE ANACOSTIA- BOLLING
20 MACDILL BLVD. SUITE 300
WASHINGTON, D.C. 20032-7711

5800
Ser N00J/1112
SEP 14 2012

Elizabeth Letourneau
A Btry, 1st Reg, 377 Fa, 17th Bde
Fort Lewis, WA 98433

Dear Mrs. Letourneau:

Subj: ACCESS TO TEMPORARY LODGING AT JOINT BASE ANACOSTIA-BOLLING

I regret to inform you your access to the temporary lodging facilities at Joint Base Anacostia-Bolling is hereby suspended until further notice. You may access these facilities until 1200, Sunday, 16 September 2012, at which time you must vacate the premises and remove all personal effects.

This suspension is in accordance with Department of Defense and Department of Navy regulations for lodging facilities on military installations. As the installation commander, I am required by law to ensure adequate mission sustaining lodging is available at all times in order to accommodate transient and mobile service members. Recreational lodging facilities likewise are intended for transient recreational patrons. Department of Defense policy prohibits long-term, continuous occupancy of lodging facilities except for military service members and their families on permanent change of station (PCS) orders.

Should you enter upon or be found within the limits of any lodging facility at Joint Base Anacostia-Bolling after 1200, 16 September 2012, you will be escorted off the premises. Repeated violations of this order may result in permanent revocation of your access to the installation.

ANTHONY T. CALANDRA

Copy to: JBAB Navy Gateway Inns & Suites
JBAB Navy Lodge
J9
J3

# Calandra: Attachment 2

**DEPARTMENT OF THE NAVY**
JOINT BASE ANACOSTIA- BOLLING
20 MACDILL BLVD. SUITE 300
WASHINGTON, D.C. 20032-7711

5800
Ser N00J/1115
20 Sep 12

Elizabeth Letourneau
P.O. Box General Delivery
Alexandria, VA 22313

Subj: PROHIBITION FROM ENTRY ONTO JOINT BASE ANACOSTIA-BOLLING

Dear Mrs. Letourneau:

You are hereby prohibited from entering Joint Base Anacostia-Bolling and any property under the cognizance of Commander, Joint Base Anacostia-Bolling, however situated. This barring is a result of an incident you were involved in at the Navy Gateway Inns & Suites on 23 August 2012 as well as your driving on the installation with a suspended driver's license on 15 September 2012. I have determined your actions to be detrimental to the health, safety and welfare of the installation as well as disruptive to good order and discipline. This prohibition also includes all military housing associated with the aforementioned installation and command. If you are entitled to commissary and exchange privileges, you may utilize those benefits at any other DoD installation.

Should you enter upon or be found within the limits of this restricted area, you will be apprehended, delivered to appropriate Federal authorities, and prosecuted. Your conduct will constitute trespassing in violation of Title 18, United States Code, Section 1382, and, if found guilty of this offense, you are subject to a fine of $500.00, imprisonment of up to six (6) months, or both.

This order will remain in effect indefinitely. Should you require access to any restricted area for any reason, you must notify the Staff Judge Advocate for Joint Base Anacostia-Bolling at (202)767-1767 in advance to make proper arrangements.

You may appeal this order in writing within ten (10) days of receipt. Should you decide to appeal my order, it will remain in effect and enforceable during the period of review.

Subj: PROHIBITION FROM ENTRY ONTO JOINT BASE ANACOSTIA-BOLLING

If you believe any compelling reason exists sufficient to justify modification or termination of this order, you may submit a request for my consideration to the following address:

Joint Base Anacostia-Bolling, Staff Judge Advocate Office, 20 Macdill Blvd, Suite 325 Washington D.C. 20032-7711.

ANTHONY T. CALANDRA

Copy to:
J3