UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELIZABETH LeTOURNEAU, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-1632 (RBW) |
| GATEWAY INNS & SUITES, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motions for a preliminary injunction and a temporary restraining order. Specifically, she requests a court order barring the termination of her residency at the Navy Gateway Inns & Suites ("Navy GIS") on the grounds of Joint Base Anacostia-Bolling ("JBAB") in Washington, D.C. The motions will be denied.

The Navy GIS provides lodging "for service members and their lawful dependents." Defendants' Memorandum of Points and Authorities [1] in Opposition to Plaintiff's Motion for Injunctive Relief and [2] in Support of Defendants' Motion to Dismiss ("Defs.' Mem."), Affidavit of Anthony T. Calandra ("Calandra Decl.") ¶ 8. "[T]ravelers on official Department of Defense business are permitted to stay for extended periods of time at [the Navy GIS]," and guests without official travel orders may stay at the Navy GIS "on a space available basis only." *Id.*, Affidavit of Jeanette Hudson-Gray ("Hudson-Gray Decl.") ¶ 8. Ordinarily, space available guests may reserve a room for no more than one week, *id.* ¶ 9, and "[e]mployees or military members on official travel or business have priority over space available guests," *id.* ¶ 8.

The plaintiff "checked into" the Navy GIS on June 29, 2012, *id.*, Calandra Decl. ¶ 9, "under the name CPL Micah Lavigne," *id.*, Hudson-Gray Decl. ¶ 4, and represented herself as an active-duty soldier in the United States Army, *id.*, Calandra Decl. ¶ 14.[1] Although the plaintiff's initial reservation was for one week, through July 5, 2012, *id.* ¶ 6, she was allowed to stay for an extended period based on her representation that "she had official travel orders," *id.* ¶ 13, for business at the Pentagon, *id.* ¶ 7. "At some point during her stay, [the plaintiff] also claimed she was travelling on her husband's official travel orders." *Id.* ¶ 12. At no time did the plaintiff present travel documents for herself or for her husband. *See id.* ¶¶ 7, 11-12.

"On August 23, 2012, [the plaintiff] was involved in a mutual assault incident with another guest of the Navy GIS in the [facility's] laundry room." *Id.*, Calandra Decl. ¶ 10. "As a result of the August 23rd incident and the fact she had far exceeded the duration of stay permitted for space available guests, [the plaintiff] was advised by [Navy GIS] management on August 27, 2012 that she had lost her privileges at the [Navy GIS] and was required to vacate her room." *Id.* ¶ 12. The plaintiff requested, and Navy GIS management agreed, to allow the plaintiff to remain (and leave her belongings) at the facility through September 10, 2012, with the understating that she would be charged for the room. *Id.*, Hudson-Gray Decl. ¶¶ 15-17. After an additional request on September 13, 2012 to extend her stay at the Navy GIS, the plaintiff was authorized to remain for only three additional days, until September 16, 2012, while she made alternate living arrangements. *Id.*, Calandra Decl. ¶ 16; *see id.*, Attach. 1 (Letter to the plaintiff from Anthony T. Calandra dated September 14, 2012). On September 16, 2012, because the plaintiff had not removed her belongings and vacated the Navy GIS, "[s]he was escorted off the installation by

---

[1] The plaintiff "later clarified that she was married to an Army soldier, but was not sure of his whereabouts." Defs.' Mem., Calandra Decl. ¶ 14. Micah Lavigne, a Corporal in the United States Army, "is in the process of divorcing [the plaintiff]," presumably after having learned that the plaintiff "was married to another man at the time of" her marriage to Corporal Lavigne, *id.* ¶ 15.

2

base police." *Id.*, Calandra Decl. ¶ 18. Her belongings have been cleared from the room she had rented, securely stored, and made available for the plaintiff to pick up at the base visitor center. *Id.* ¶¶ 20-22.

"The standard for issuance of the extraordinary and drastic remedy of a temporary restraining order or a preliminary injunction is very high and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72-73 (D.D.C. 2007) (internal quotation marks and citation omitted). To acquire such relief, the plaintiff must "demonstrate 1) a substantial likelihood of success on the merits, 2) that [she] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687 (D.C. Cir. 2001) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). Failure to demonstrate irreparable harm is an appropriate basis for refusing to issue an injunction, even if the moving party makes an adequate showing on the remaining factors. *See Chaplaincy of Full Gospel Churches v. England,* 454 F.3d 290, 297 (D.C. Cir. 2006) ("[a] movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief"); *CityFed Fin. Corp.*, 58 F.3d at 747. "In this circuit, injury is irreparable only if it is 'both certain and great.'" *Sociedad Anonima Viña Santa Rita v. U.S. Dep't of Treasury*, 193 F. Supp. 2d 6, 14 (D.D.C. 2001) (quoting *Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Further, the moving party "must show that the injury complained of is of such

imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Wisconsin Gas Co.,* 758 F.2d at 674 (citation, brackets, and internal quotation marks omitted).

Here, the plaintiff fails to allege whether and how she would be irreparably harmed if the relief she has requested is not granted. Her access to the Navy NGIS was suspended as of September 16, 2012. Any economic loss the plaintiff stands to suffer does not constitute irreparable harm, because such losses generally can be addressed with monetary damages in the ordinary course of litigation. *Wisconsin Gas*, 758 F.2d at 674.

Accordingly, it is hereby

ORDERED that the plaintiff's motions for a preliminary injunction and a temporary restraining order are DENIED.

SO ORDERED.

/s/
REGGIE B. WALTON
United States District Judge

DATE: November 5, 2012